UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22487-CIV-ROSENBAUM/HUNT

KAREN ADKINSON-GILLIAM, as the
Personal Representative of the Estate of
Kaleena Gilliam,

      Plaintiff,

v.

HOLDING RIU HOTELS, INC., *et al.*,

      Defendants.
_____/

### ORDER GRANTING LEAVE TO AMEND COMPLAINT

This matter is before the Court upon Plaintiff's Motion for Leave to File First Amended Complaint [D.E. 28]. Plaintiff seeks to add a Defendant and remove several Defendants but generally pleads the same facts and identical causes of action. The three Defendants who have appeared in this action oppose the amendment as futile and argue that, even if permitted, the amended pleading should not relate back to the date of the original Complaint. The Court has considered the Motion and the filings in opposition and support. Upon consideration, the Court grants Plaintiff leave to amend her Complaint but defers ruling on the relation-back question.

### *I.  BACKGROUND FACTS*

On July 9, 2010, Kaleena Gilliam died from an allergic reaction to shellfish while dining at ClubHotel Riu Negril in Jamaica. D.E. 1. Plaintiff, the representative of Gilliam's personal estate, alleges that a restaurant employee told the decedent that the dish contained no shellfish. *Id.* In her

original complaint, Plaintiff brought wrongful-death claims against Holding Riu Hotels, Inc.; RIUSA II S.A.; Riu Acquisitions, Inc.; Riu Marketing U.S.A. L.L.C.; Riutel Beach, Inc.; ClubHotel Riu Negril; Riutel Florida, Inc.; Riutel Orlando, Inc.; and Tiu AG. *See id.*

Plaintiff alleges that during discovery, she learned that Riu Hotels S.A. is the owner of several Defendants as well as the owner and operator of the hotel where Gilliam died. *See* D.E. 28-1, ¶ 7. Therefore, Plaintiff seeks to add Riu Hotels S.A. as a Defendant in this case.

The three appearing Defendants, Holding Riu Hotels, Inc.; Riutel Beach, Inc.; and Riutel Florida, Inc. (collectively "Riu Florida"), argue that allowing Plaintiff to add Riu Hotels S.A. would be futile because it is not an indispensable or proper party to the action, the Amended Complaint fails to state a cause of action against Riu Florida, and the Complaint should be dismissed as to Riu Florida on *forum non conveniens* grounds. D.E. 33 at 2. Additionally, Riu Florida urges that even if Riu Hotels S.A. is added, the amended pleading should not relate back to the date of the original Complaint. *Id.*

## II. ANALYSIS

### A. Amendment

A court should freely grant leave to amend a pleading when "justice so requires" unless there is an "apparent or declared reason [not to,] such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend may be denied as futile when the amended pleading would not survive a motion to dismiss. *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (citation omitted); *see Burger King Corp. v. Weaver*, 169

F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir.1985)).

**1. Futility of Adding Riu Hotels S.A.**

Riu Florida argues first that amendment is futile because Plaintiff has provided no factual or legal grounds for adding Riu Hotels S.A. as a party, and, thus, the Complaint must be dismissed. D.E. 33 at 4. Specifically, Riu Florida interprets Plaintiff's Amended Complaint as alleging that Riu Hotels S.A. is liable only because it is the part owner of another Defendant, RIUSA II S.A. *Id.* Defendants then assert that Plaintiff has not alleged facts sufficient to pierce the corporate veil and reach Riu Hotels S.A. and, accordingly, any complaint against Riu Hotels S.A. must be dismissed *Id.* at 5-6.

Under Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not provide detailed factual allegations to state a claim for relief, but a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009). In reviewing a plaintiff's complaint for sufficiency, this Court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

Contrary to Defendants' characterization, Plaintiff's Amended Complaint alleges not just that Riu Hotels S.A. is an owner of RIUSA II S.A. but that Riu Hotels S.A. owns and operates hotels,

including the hotel where Gilliam passed away. D.E. 28-1, ¶ 7; *see also id.* ¶¶ 36, 42. Furthermore, while perhaps it could have been drafted more precisely, Plaintiff's substantive wrongful-death count adequately states a claim. To establish a wrongful-death negligence claim, a plaintiff must show 1) a legal duty owed to the decedent, 2) breach of that duty, 3) the legal proximate cause of death was that breach, and 4) consequential damages. *Sullivan v. Bottling Grp. LLC*, 2013 WL 3209464, at *3 (M.D. Fla. June 24, 2013) (citing *Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783 (Fla. 1st DCA 2003)).

Here, the Amended Complaint alleges that all Defendants, including Riu Hotels S.A., negligently breached a duty of care owed to Gilliam, their guest, by failing to properly train Defendants' employees; failing to establish allergy-related protocols, procedures, or warnings; or failing to establish procedures to respond to allergic reactions. *Id.* ¶ 38. In support of her vicarious-liability theory, Plaintiff also alleges that all Defendants, including Riu Hotels S.A., employ the food-service employee who incorrectly informed Gilliam about the presence of shellfish. *Id.* ¶ 43. The Amended Complaint further alleges that as a proximate result of the breached duties, Gilliam died of a fatal allergic reaction, and that her survivors and the estate suffered various damages. *Id.* ¶¶ 39-40, 47-48.

Plaintiff's allegations, taken as true for the purposes of reviewing the sufficiency of Plaintiff's Amended Complaint, state wrongful-death negligence claims directly against Riu Hotels S.A. as owner and operator of the hotel; they are not simply allegations that Riu Hotels S.A. is liable as a shareholder or owner of RIUSA II S.A. Whether these allegations are factually accurate is, of course, a matter for summary judgment or trial. Because Plaintiff's Amended Complaint sets forth negligence-based claims against Riu Hotels S.A., it would not be dismissed for failing to allege facts

sufficient to pierce the corporate veil.  As a result, allowing the Amended Complaint is not futile.

**2. Futility of the Claims as to Riu Florida**

The Riu Florida Defendants argue next that the Amended Complaint, as with the original Complaint, should be dismissed as to them because the Amended Complaint fails to state a cause of action and because this Court is an inconvenient forum.  D.E. 33 at 7-9.  The Riu Florida Defendants make an abbreviated version of the same arguments they make in their pending summary-judgment and dismissal motion.  *See* D.E. 13.

The Court, however, does not agree that merely because a Complaint may be subject to dismissal because it fails to state a claim for relief as to some Defendants, the addition of another Defendant renders the entire Complaint futile as to the new Defendant.  Moreover, unlike when a plaintiff fails to state a claim, dismissal on *forum non conveniens* grounds is discretionary.  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011).  Thus, even if, for the sake of argument, the Riu Florida parties can assert these arguments on behalf of the other Defendants—a questionable proposition at best—the fact that a complaint *may* be dismissed on *forum non conveniens* grounds in the discretion of the Court does not mean that a complaint must be dismissed in this way.  Because Plaintiff's Amended Complaint may survive a motion to dismiss on *forum non conveniens* grounds, it is not futile.[1]

---

[1] Although the Riu Florida Defendants' summary-judgment and dismissal motion must be denied as moot in light of the Amended Complaint, Defendants are, of course, free to renew these arguments in response to the Amended Complaint.  *See, e.g.*, *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that an amended complaint completely supersedes an original complaint); *Ga. State Conference of NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1324 (N.D. Ga. 2012).

### B.    Relation Back

In her Motion, Plaintiff seeks to have the Amended Complaint relate back to the filing date of her original Complaint. D.E. 28. In addition to opposing the amendment generally, the Riu Florida Defendants also argue that if amendment is permitted, the Amended Complaint should not relate back to the date of the original Complaint because relation back would unduly prejudice the new party, Riu Hotels S.A, because the statute of limitations has expired. D.E. 33 at 13. Specifically, Riu Florida argues that Riu Hotels S.A. lacks sufficient "identity of interest" with the current Defendants to satisfy the relation-back requirements of Florida law.[2] *Id.* at 9-13. In response, Plaintiff suggests that the Court should defer ruling on the relation-back issue until it is raised by Riu Hotels S.A. D.E. 36.

Expiration of the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). The party asserting the affirmative defense bears the burden of proof. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005) (citing *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 492 n.9 (11th Cir. 1993)). The statue of limitations may also be waived. *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983).

The Riu Florida Defendants have provided no authority, either legal or factual, that would allow them to preemptively assert such a defense on behalf of Riu Hotels S.A. In fact, the possession of such authority would seemingly undermine their argument that no identity of interest exists. Because Riu Hotels S.A. is yet to be made a party to this lawsuit and, therefore, is yet to make a decision whether to raise or waive a statute-of-limitations defense, the Court will defer ruling

---

[2] When state law sets forth the applicable statute of limitations, state law also provides the applicable relation-back rules. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963-64 (11th Cir. 2001).

on the relation-back question until it is appropriately raised.

### *III.  CONCLUSION*

For the reasons discussed above, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Leave to File First Amended Complaint [D.E. 28] is **GRANTED IN PART and DEFERRED IN PART**.  Plaintiff may file and serve her Amended Complaint.  The Court will determine the relation-back question at a later date.

In light of the Amended Complaint, the Riu Florida Defendants' Motion for Summary Final Judgment and, in the Alternative, Motion to Dismiss for Failure to State a Cause of Action and *Forum Non Conveniens* [D.E. 13] and Plaintiff's Motion to Strike Portions of Defendants' Reply Brief and New Evidence Submitted in Support Thereof and, in the Alternative, Motion to Conduct Discovery and File Surreply [D.E. 25] are both **DENIED AS MOOT**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of July 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record